PER CURIAM-.
Biscayne Cove Condominium Association, Inc. (association), appeals from an order of final summary judgment in favor of Biscayne Cove Southeastern, Inc. (developer). We affirm.
The association sued the developer in 1988 for various causes of action, including negligence and breach of implied warranties of fitness and merchantability. The foundation for the negligence and warranty claims was the developer’s failure to use good design, engineering, and construction practices and his failure to comply with the South Florida Building Code. The code violation claims arose from the developer’s failure to install certain life safety facilities such as sprinklers, alarms, and smoke removal equipment. The original owner had applied for the building permit on July 12, 1973, two days before the effective date of Dade County Ordinance No. 73-53 which required installation of fire sprinklers and smoke detection and control systems in newly constructed buildings of three or more stories. The ordinance, by its own terms, did not apply to buildings for which permit applications were filed before its effective date. No action was taken on the permit until 1977 when Dade County instituted a declaratory judgment action against the owner to determine his entitlement to a building permit without installation of the safety equipment. The circuit court ruled that the owner did not have to comply with the 1973 ordinance; this court summarily affirmed. Dade County v. Cohen, 361 So.2d 842 (Fla. 3d DCA 1978). Accordingly, a building permit was issued in 1979 allowing the project to be built pursuant to the pre-1973 building code, which did not require the safety equipment. The owner sold the property and assigned the building permit to a developer who built the project without the safety equipment; certificates of occupancy were issued in 1981 and 1982.
The trial court granted the developer’s motion for summary judgment on the grounds that the issue of compliance with the 1973 Dade County ordinance had already been conclusively decided by the circuit court and by this court, and that the doctrine of equitable estoppel prevented cancellation or rescission of the building permit. The trial court further found that compliance with the pre-1973 Code obviated the claim for violation of good engineering, design, and construction practices.
The trial court was correct in entering summary judgment on the association’s *808 claims for negligence and breach of warranty that were premised upon the project’s noncompliance with the South Florida Building Code. That issue was decided in Dade County v. Cohen, No. 77-12945 (Fla. 11th Cir.Ct. May 9, 1977), aff'd without opinion, 361 So.2d 842 (Fla. 3d DCA 1978). We will not revisit the issue.
The negligence and warranty claims premised upon the developer’s failure to comply with good design, engineering, and construction practices, brought in 1988— nine years after the permit was issued— must likewise fall. The developer was entitled to rely upon the 1977 ruling. See Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla.1963).
AFFIRMED.